UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDON SANTIAGO,<br><br>    Plaintiff,<br><br>    v.<br><br>CACH LLC, et al.,<br><br>    Defendants. | Case No. 13-cv-02234-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: ECF No. 10 |

In this action for violations of the Federal Debt Collection Practices Act ("FDCPA") and of the Rosenthal Fair Debt Collection Practices Act ("RFCPA"), Plaintiff Santiago moves for an award of attorney's fees and costs following his acceptance of a Rule 68 offer of judgment. Defendants oppose the motion, arguing that some of the hours claimed by Santiago's attorney are not recoverable and that the requested hourly fee is excessive. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

**I.     BACKGROUND**

Santiago filed this action on May 16, 2013, against Susan Blush d/b/a Kentwood Law Group and CACH, LLC ("Defendants") for violations of the FDCPA and RFDCPA. ECF No. 1. Specifically, Santiago alleges that Defendants violated these statutes because Defendants improperly sued him in the wrong judicial district to collect a debt ("the collection lawsuit") and used false information to collect that debt.

About five weeks after Santiago filed this action, Santiago accepted Defendants' Rule 68 offer of judgment, ECF No. 8, and the Court entered judgment in favor of Santiago and against Defendants. ECF No. 9. The offer of judgment provides that Santiago "shall" be awarded attorney's fees and costs under the FDCPA and RFDCPA's fee-shifting provisions.

Santiago now moves for an award of $9,765 in attorney's fees and $706.31 in costs for a total of $10,471.31. ECF No. 10 at 1-2. The requested attorney's fees award is the product of 21.7 hours times an hourly rate of $450. Berg Decl., Ex. 1, ECF No. 11. Santiago's attorney, Irving L. Berg, filed a declaration in support of the motion, which itemizes the hours he expended in connection with Santiago's claims.

Defendants oppose the motion on the ground that the requested fees and costs are excessive given that this case involved nothing more than the filing of a "simple complaint," the transmission of a letter, and the acceptance of a Rule 68 offer. ECF No. 14. Defendants also argue that many of the requested fees must be denied on the ground that they are not compensable or that Berg's billing records are inaccurate. Finally, Defendants argues that Berg's requested billing rate of $450 is higher than the market rate for comparable legal service in this legal market, and his time should therefore be compensated at a lower rate. Defendants request that the Court reduce the requested award to no more than $1,530 in fees and $481.31 in costs.

In his reply, Santiago states that the hours Berg expended in connection with this action total 23.27 hours and not 21.7 hours, as he previously stated. ECF No. 16 at 1. Santiago also notes that he "voluntarily" has reduced his hourly rate by 10% to $425 "to account for any duplication or non-compensable time inadvertently included in" Berg's declaration. Id.

## II.  LEGAL STANDARD

Although litigants in the United States generally pay their own attorneys' fees regardless of the outcome of the proceedings, Congress has provided a statutory right to recover for such fees under the FDCPA. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). The prevailing party in actions brought under the FDCPA may recover reasonable attorney's fees and costs from the opposing side. Id.; see also 15 U.S.C. § 1692k(a)(3). "The FDCPA's statutory language makes an award of fees mandatory." Camacho, 523 F.3d at 978 (citation omitted). The purpose of this fee-shifting provision is to encourage private enforcement of the FDCPA. Id.

To calculate an award of attorneys' fees, district courts use the lodestar method. The lodestar is calculated "by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. at 978. Although the lodestar figure is

generally presumed to be a reasonable fee award, a district court "may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Id. District courts have "a great deal of discretion in determining the reasonableness of the fee." Id.

The party seeking an award of fees bears the burden of submitting evidence supporting the hours worked and the rates claimed. Hensley v. Eckerhart, 461 U.S 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the awards accordingly." Id. To determine what is a reasonable lodestar amount, the court may "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Id. at 434. Additionally, the court must determine a reasonable hourly rate by considering "the experience, skill, and reputation of the attorney requesting fees." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986).

## III. DISCUSSION

### A. The Hours Requested Are Subject to Reductions

The party requesting attorney's fees bears the burden of "submitting detailed time records justifying the hours claimed to have been expended." Chalmers, 796 F.2d at 1210. The court may reduce these hours "where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." Id.

In his motion, Santiago claims to have expended a total of 21.7 hours working on this action. See Berg Decl., Ex. 1, ECF No. 11. In his reply, however, Santiago states that Berg expended a total of 23.27 hours, which is 1.57 hours more than the 21.7 hours claimed in Berg's declaration. See ECF No. 16 at 1. Because Santiago has not explained how or when these additional 1.57 hours were expended, the Court will not compensate Santiago for these hours. Accordingly, the starting point for this analysis is 21.7 hours ("the requested hours").

#### 1. Hours Expended on the Collection Lawsuit

Defendants argue that the requested hours should be reduced by 9.1 hours, which is the time that Berg allegedly spent defending the collection lawsuit. Defendants contend that, under the terms of the Rule 68 offer of judgment, the award of fees and costs in this action is limited to

those that can be recovered under the FDCPA and RFDCPA's fee-shifting provisions, which limit the scope of recoverable fees to those incurred in connection with an action to enforce liability under those statutes. Defendants argue that any hours expended in connection with collection activities that gave rise to an enforcement action fall outside of this scope.

Santiago responds that the fees at issue are recoverable under the FDCPA's fee-shifting provision because "[a]n attorney's wrongful conduct in state court is bound by provisions of the FDCPA." ECF No. 16 at 4. Santiago cites McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011) in support of this proposition.

The Court concludes that attorney's fees and costs expended in connection with activities that fall outside of the scope of an enforcement action under the FDCPA or RFDCPA are not recoverable under the fee-shifting provisions of those statutes. The Ninth Circuit has not addressed this question. Nevertheless, the text of these fee-shifting provisions makes clear that the scope of the fees and costs that a prevailing party may recover is limited to those expended in connection with an action to enforce the FDCPA or the RFDCPA. The FDCPA's fee-shifting statute provides that:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of, in the case of any successful <u>action to enforce the foregoing liability</u>, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. § 1692k(a)(3) (emphasis added).

Likewise, the RFDCPA's fee-shifting statute provides that:

> In the case of any <u>action to enforce any liability</u> under this title, the prevailing party shall be entitled to costs of the action. Reasonable attorney's fees, which shall be <u>based on time necessarily expended to enforce the liability</u>, shall be awarded to a prevailing debtor; reasonable attorney's fees may be awarded to a prevailing creditor upon a finding by the court that the debtor's prosecution or defense of the action was not in good faith.

Cal. Civ. Code § 1788.30(c) (emphasis added).

Both of these fee-shifting provisions provide for an award of fees and costs to the prevailing party if such fees and costs were incurred in connection with an action to enforce liability under the FDCPA and RFDCPA. Here, the fees at issue were expended by Santiago in

4

connection with the collection lawsuit that Defendants filed in state court to collect a debt. That collection lawsuit was not an enforcement action under the FDCPA or the RFDCPA. The collection lawsuit's only connection to this case is that the filing of that lawsuit gave rise to purported violations of the FDCPA and RFDCPA at issue in this enforcement action. Because the fees at issue were not expended in connection with this enforcement action, such fees are not recoverable under the FDCPA and RFDCPA's fee-shifting provisions.

Santiago cites to McCollough v. Johnson, Rodenburg & Lauinger, LLC, 637 F.3d 939 (9th Cir. 2011) for the proposition that the fees at issue are recoverable on the ground that "[a]n attorney's wrongful conduct in state court is bound by provisions of the FDCPA." ECF No. 16 at 4. This argument appears to presuppose that a prevailing party in an enforcement action may recover fees and costs expended as a result of wrongful conduct that gave rise to that action. Neither McCollough nor the text of the FDCPA support this premise. McCollough holds merely that litigation activities may form the basis of an FDCPA action; it does not speak to the recoverability of fees expended in connection with conduct that gave rise to an enforcement action. See id. at 950-52. Moreover, as discussed above, the text of the FDCPA's fee-shifting provision contemplates awards of fees and costs only with respect to an action to enforce liability, and not with respect to the acts or omissions that gave rise to an enforcement action.

Accordingly, any hours spent on the collection lawsuit must be deducted from the requested hours. The Court's independent review of Berg's billing records reveals that the hours Berg spent on the collection lawsuit total 8.33 hours, and not 9.1 hours as Defendants claim.[1]

---

[1] The entries pertaining to the collection lawsuit include ones for: December 6, 2010 (.2 hours, "Prepare letter to adverse re attorney representation); October 8, 2012 (.4 hours, " Prepare response to state complaint - Bill of Particular"); October 8, 2012 (.5 hours, "Review response to state complaint"); October 9, 2012 (1.5 hours, "Review to file answer"); February 15, 2013 (1 hour, "Review file for response to case management; prepare first draft CMS"); February 1, 2013 (.4 hours, "Prepare response to state request for production"); February 18, 2013 (1.5 hours, "Respond to state discovery"), February 19, 2013 (2 hours, "Receive and review defendants' discovery response"); February 20, 2013 (.43 hours, "Prepare CMS review and revise" and "Review and revise RFP response"); and February 22, 2013 (.4 hours, "Review and revise CMS"). Berg Decl., Ex. 1.

### 2. Hours Expended on Clerical Tasks

Defendants argue that the requested hours should be further reduced by 1.5 hours, which is the time Berg expended on clerical tasks.

Santiago responds that the hours at issue are recoverable because "[d]elegation of tasks to clerical staff in Mr. Berg's one attorney firm creates unnecessary bureaucracy which undermines the efficiency of Mr. Berg's practice thereby increasing the time Mr. Berg must spend reviewing these matters in delegating these important matters to non-professionals. This activity is necessary and reasonable for any attorney participating in the litigation in order to be apprised of the status of the progress of the case." ECF No. 16 at 2-3.

The Court concludes that the hours at issue must be deducted from requested hours, because time billed for administrative tasks is not compensable. See Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009) (holding that tasks "clerical in nature" should be "subsumed in firm overhead rather than billed" and that "[w]hen clerical tasks are billed at hourly rates, the court should reduce the hours requested to account for the billing errors"). Accordingly, the requested hours are further reduced by 1.5 hours.[2]

### 3. Duplicative or Excessive Hours

Defendants argue that the requested hours should be further reduced (1) by 1.1 hours on the ground that these hours are duplicative of other time entries, (2) by 4 hours on the ground that the preparation of the complaint filed in this action should not have taken more than two hours to draft, and (3) by 1 hour on the ground that the time entries for the drafting of a letter that Berg sent on May 20 and for a phone call to Defendant Blush on June 17 are inaccurate.

Santiago does not respond to the argument that his hours should be reduced by 1.1 hours on the ground that these hours are duplicative or that his hours should be further reduced by 1 hour because the entries corresponding to the May 20 letter or to the June 17 phone call are inaccurate.

---

[2] The clerical entries at issue include those for: May 19, 2013 (.5 hours, "Prepare service documents to Cach; research registered agent"); May 20, 2013 (.3 hours, "Review and revise filed documents for calendar and service"); June 4, 2013 (.45, "Review file for service of documents re Blush" and "Prepare service letter; telephone call to process server"); and June 13, 2013 (.25 hours, "Review and revise POS from process server"). Berg Decl., Ex. 1.

United States District Court
Northern District of California

1   With respect to the argument that his request hours for the time he spent on the complaint should
2   be reduced, Santiago's only statement is that he did not bill 6.7 hours in connection with the
3   complaint as Defendants claim, but rather, he claims to have billed only 2.5 hours.  ECF No. 16
4   at 4.
5   The Court concludes that a reduction of 1.1. hours is appropriate, as the hours expended on
6   April 1 (.4 hours), June 18 (.2 hours), and June 19 (.5 hours) appear to be duplicative of other time
7   entries.  See Berg Decl., Ex. 1 at 2-4; ECF No. 14 at 7.  Notably, Berg has offered no explanation
8   to establish that these entries are not duplicative.
9   The Court also concludes that a reduction of 1 hour is appropriate because neither Berg's
10  declaration nor Santiago's reply establishes that the hours billed in connection with the May 20
11  letter (.4 hours) and June 17 phone call (.6 hours) are not inaccurate.
12  Finally, the Court also concludes that a further reduction of 2 hours is appropriate.  Berg
13  billed a total of 5.7 hours in connection with the drafting of the complaint in this action, but the
14  Court is persuaded that any work on the complaint, which is four pages long and appears to be
15  based on a template, should not have taken longer than 3.7 hours, particularly given Berg's
16  experience in this area of the law.[3]
17  In sum, the requested hours are further reduced by 4.1 hours.

### 4.  Calculation of Total Hours that Santiago May Recover

19  Based on the deductions described above, the Court reduces the requested 21.7 hours by
20  13.93 hours for a total of 7.77 hours.

### B.  The Requested Hourly Rate is Excessive

22  In determining a reasonable hourly rate, courts must look to (1) the relevant community
23  and (2) the prevailing market rate in that community "for similar work performed by attorneys of
24  comparable skill, experience and reputation."  Barjon v. Dalton, 132 F.3d 496, 502 (9th Cir.
25  1997).  The relevant community is "the forum in which the district court sits," which in this case is

---

[3] The hours spent on the complaint are as follows: October 9, 2012 (1.5 hours); December 26, 2013 (3.3 hours); February 16, 2013 (.1 hours); and April 1, 2013 (.8 hours).  See Berg Decl., Ex 1.

1   the Northern District of California.  See Camacho, 523 F.3d at 979.  The fee applicant bears the
2   burden to produce evidence that establishes the prevailing market rate.  Id. at 980.  Such evidence
3   may include attorney declarations and rate determinations in other cases.  Id. (citations omitted).
4         Santiago seeks an hourly rate of $450 on the ground that another judge in this district
5   approved an hourly rate of $425 in 2010 in another FDCPA case he litigated.  See Berg Decl. at 2
6   (citing Hunt v. Imperial Merchant Services, Case No. 05-cv-4993, 2010 WL 3958726, *6 (N.D.
7   Cal., Oct. 7, 2010)).  Santiago argues that a rate of $450 is reasonable because it "reflects only a
8   modest cost-of-living increase" from the hourly rate approved in Hunt.  In his reply, Santiago
9   voluntarily agreed to reduce his requested rate to $425.  ECF No. 16 at 3.  Santiago argues that
10  this new rate is justified because "[t]his was not a simple case" given "Defendants' renunciation of
11  settlement offers."  Id. at 3.
12        Defendants argue that the requested fee is excessive because Hunt and other FDCPA cases
13  in which a court approved an hourly rate of more than $400 involved complex claims that were
14  litigated for several years.  Defendants contend that courts in this district cap hourly rates in
15  FDCPA "garden variety, non-complex case such as this one" at $250 per hour.  ECF No. 14 at 8-
16  9.  Additionally, Defendants submitted a declaration from an attorney that routinely litigates
17  FDCPA cases in this district, which states that market rates for cases of similar complexity to this
18  one range from $250 to $300 per hour.  See Coleman Decl. ¶ 12, ECF No. 14, Ex. 1.
19        The Court concludes that an hourly rate of $300 is appropriate.  Judges in this district
20  routinely consider the complexity of a case in determining hourly rates.  See, e.g., Lea v. Cypress
21  Collections, Case No. 06-cv-4288 JF, 2007 WL 988184, at *2 (N.D. Cal. Apr. 2, 2007) (approving
22  hourly rate of $250.00 because no dispositive motions were filed and "the [FDCPA] action was
23  simple and did not require sophisticated knowledge of the FDCPA"); Abad v. Williams, Cohen &
24  Gray, Case No. 06-cv-2550 SBA, 2007 WL 1839914, at *1 (N.D. Cal. Jun. 26, 2007) (approving
25  hourly rate of $250.00 because the FDCPA action involved no motion practice and the case settled
26  within five months of the date the complaint was filed).  Here, like in Abad, the case involved no
27  motion practice and the action settled soon after the complaint was filed.  Because the complexity
28  of Santiago's claims and the procedural posture of this case are substantially similar to those in

Abad, the Court concludes that an hourly rate of $300 is proper. The court in Abad approved an hourly rate of $250 in 2007. The Court reasons that an increase of $50 per hour from the rate awarded in Abad is warranted to adjust for inflation.

The cases that Santiago cites for the proposition that a fee of $425 is appropriate are inapposite, as those cases involved complex claims that were litigated over the course of several years. See Hunt v. Imperial Merch. Servs., Case No. 05-cv-04993DMR, 2010 WL 3958726, at *6 (N.D. Cal. Oct. 7, 2010) (involving class action claims litigated for more than four years); see also Santiago v. Equable Ascent, Case No. 11-cv-3158, 2013 WL 3498079, at *2 (N.D. Cal. July 12, 2013) (involving class action claims litigated for two years).

### C. The Requested Costs Must Be Reduced

Plaintiff requests $706.31 in costs.

Defendants request that the Court reduce the requested costs by $225, which is the amount that Santiago spent on filing an answer in the collection lawsuit.

As discussed above, fees and costs expended on activities that fall outside of the scope of an enforcement action are not recoverable. Because the $225 at issue were spent in connection with the collection lawsuit and not in connection with this enforcement action, the requested costs are reduced by $225, for a total of $481.31.

## IV. CONCLUSION

Santiago may recover $2,331 in attorney's fees, which is the product of 7.77 hours times an hourly rate of $300. Santiago also may recover $481.31 in costs. The total amount of Santiago's award is $2,812.31.

**IT IS SO ORDERED.**

Dated: November 3, 2013

_____
JON S. TIGAR
United States District Judge